UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:16-CV-81625-ROSENBERG/HOPKINS

RENEE LE FLOCH,

    Plaintiff,

v.

SUSAN VAN VEEN,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

This cause is before the Court on Defendant Susan Van Veen's Motion to Dismiss [DE 20]. The motion has been fully briefed. For the reasons set forth below, the motion is denied.

Because this Court must accept all of Plaintiff's allegations as true, the Court sets forth below the salient facts governing the Motion before the Court. In March of 2016, Plaintiff's aunt, Ms. Alice Lattimore, transferred $110,000 into a bank account that was jointly owned by Plaintiff and Ms. Lattimore. Complaint ¶ 14. Ms. Lattimore informed Plaintiff that this money was a gift for Plaintiff to purchase a home. *Id.* ¶ 15; DE 18-1. Plaintiff accepted the gift. Complaint ¶ 16. On March 23, 2016, Ms. Lattimore wrote a letter to an underwriting team (for a home lender that was considering Plaintiff's mortgage application) explaining the transfer of the $110,000. *Id.* ¶ 18. Ms. Lattimore explained in the letter, in relevant part, that the money was a gift to Plaintiff. *Id.* at attachment 1.

In June of 2016 Ms. Lattimore's health began to rapidly deteriorate. *Id.* ¶ 20. Defendant was the adult step-daughter of Ms. Lattimore. *Id.* ¶ 21. Ms. Lattimore executed a Durable Power of Attorney appointing Defendant as her attorney-in-fact. *Id.* ¶ 24. On July 13, 2016,

Defendant spoke with Plaintiff about the $110,000. *Id.* ¶ 30. Plaintiff informed Defendant that the money was a gift from Ms. Lattimore to Plaintiff to purchase a new home. *Id.* Defendant was made aware of the letter Ms. Lattimore had written explaining that the $110,000 was a gift. *Id.* ¶ 33. On July 14, 2016, pursuant to the authority of the Durable Power of Attorney, Defendant transferred $105,000 from the account jointly owned by Plaintiff and Ms. Lattimore to an account that *Defendant* jointly owned with Ms. Lattimore. *Id.* ¶ 31.

After Defendant transferred the $105,000, Defendant demanded that Plaintiff (who was visiting Ms. Lattimore) leave Ms. Lattimore's home. *Id.* ¶ 34. After Plaintiff phoned legal counsel, Defendant called law enforcement. *Id.* ¶ 35. After law enforcement arrived, Plaintiff left voluntarily. *Id.* ¶ 36. Two days after Plaintiff's removal from Ms. Lattimore's home, July 25, 2016, Ms. Lattimore died. *See id.* ¶ 37. Plaintiff filed the instant suit on September 22, 2016, seeking damages in connection with Defendant's transfer of the $105,000.

Although Defendant has raised several arguments against each of Plaintiff's claims, Defendant's arguments are each based upon one of two premises. First, Defendant argues that because Defendant's actions were authorized by the Durable Power of Attorney, Defendant cannot be held liable as a matter of law. Second, Defendant argues that Florida law establishes that Plaintiff was only entitled to the balance of the jointly-held bank account at the *time of Ms. Lattimore's death*. In connection with this latter argument, Defendant contends that, essentially, Plaintiff cannot and has not alleged that there was an inter vivos gift from Ms. Lattimore to Plaintiff. Each argument is discussed in turn.

With respect to Defendant's contention that her actions were fully authorized by the Durable Power of Attorney, this contention ignores Plaintiff's allegations. For example, while it

is true that the Power of Attorney authorized Defendant to transfer monies between accounts owned by Ms. Lattimore, the Power of Attorney did not confer blanket immunity upon Defendant. The Power of Attorney stated that "my Agent shall be liable for willful misconduct or the failure to act in good faith while acting under the authority of this Power of Attorney" and "You may not transfer the principal's property to yourself without full and adequate consideration." DE 18-2 at 5, 11. Here, viewing all of the facts alleged in the complaint in the light most favorable to Plaintiff: (i) Defendant was aware of the gift to Plaintiff, but, notwithstanding this knowledge, (ii) Defendant undertook to take the gift away from Plaintiff's control, (iii) Defendant moved the money to an account in which Defendant—not Plaintiff— would eventually receive the money, (iv) Defendant's actions were intentional so as to ensure that the $105,000 would be hers, and (v) Defendant utilized her Power of Attorney to separate Plaintiff from Ms. Lattimore during Ms. Lattimore's final days of life. Thus, Plaintiff's allegations are, at a minimum, sufficient to survive Defendant's Motion to Dismiss because Plaintiff has not alleged that Defendant's actions under the Power of Attorney were authorized or proper.

With respect to Defendant's contention that Plaintiff was only entitled to the balance of the jointly-held account at the time of Ms. Lattimore's death, this contention also ignores the allegations in Plaintiff's complaint.[1] Plaintiff has not brought suit because she contends the balance in her account with Ms. Lattimore was improperly administered at the time of Ms. Lattimore's death; Plaintiff has brought suit on the premise that a gift was made to her long

---

[1] Defendant's argument is based upon Florida law that establishes a presumption that a jointly-held account with a right to survivorship creates a presumption of a gift, but only as to the funds in the account at the time of a decedent's death. *See* Fla. Stat. § 655.79; *In re Estate of Combee*, 601 So. 2d 1165 (Fla. 1992). But Plaintiff is not relying upon a statutory presumption for her claims; Plaintiff is relying upon her own allegations as well as the letter allegedly drafted by Ms. Lattimore.

*before* Ms. Lattimore's death. "Funds contributed to a joint bank account by one of the owners of the account are presumed to be a gift to the other owners of the account absent clear and convincing evidence to the contrary." *De Soto v. Guardianship of Antonio De Soto*, 664 So. 2d 66, (Fla. Dist. Ct. App. 1995). "[T]he interests of all joint owners in the [bank account] funds survive their transfer from the account by one of the owners." *Id.* Here, Plaintiff has alleged that Ms. Lattimore told her the funds were a gift to her. Plaintiff has attached a letter to her complaint wherein Ms. Lattimore informed a third party of this gift. A letter is *evidence* sufficient to establish a gift, even if the letter predates the actual transfer of ownership of property. *See Tanner v. Robinson*, 411 So. 2d 240 (Fla. Dist. Ct. App. 1982) (stating that a "missing" letter to broker requesting transfer of stock sufficient for an inter vivos gift); *see also Naylor v. U.S. Trust. Co. of Fla.*, 711 So. 2d 1350 (Fla. Dist. Ct. App. 1998) (delivery of a letter to a trustee constituted constructive delivery of funds); *Varela v. Bernachea*, 917 So. 2d 295, 298 (Fla. Dist. Ct. App. 2005) ("When a joint bank account is established with the funds of one person, a gift of the funds is presumed."); *Panzirer v. Deco Purchasing & Distributing Co.*, 448 So. 2d 1197 (Fla. Dist. Ct. App. 1984). The elements of an inter vivos gift are present donative intent, delivery, and acceptance. *Welch v. DeCecco*, 101 So. 3d 421, 422 (Fla. Dist. Ct. App. 2012). Ms. Lattimore's letter, attached to Plaintiff's complaint, is alone sufficient for Plaintiff's allegations to satisfy these three elements. Indeed, Plaintiff's allegations are such that it may easily be inferred that it is her position that even *Ms. Lattimore* was not authorized to withdraw the funds from her jointly-held account because (i) she had gifted those funds to Plaintiff, (ii) the gift was for the purchase of a house, and (iii) Plaintiff's search for a house and mortgage application process was ongoing.

4

For all of the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss [DE 20] is **DENIED** and Defendant's Motion for a More Definite Statement [DE 20] is **DENIED**.

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 10th day of April, 2017.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record